## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Case No.: 21-13896-DER |
| **DAWN CRIKET ALEXANDER**, | Chapter 7 |
| Debtor | |

## MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

The United States Trustee for Region Four, which includes the District of Maryland, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully moves, pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure, for an order extending the time to file a complaint objecting to the discharge of the debtor, and as grounds therefor, states as follows:

1.      On June 11, 2021, Dawn Criket Alexander ("Ms. Dawn Alexander") commenced this Chapter 7 proceeding.   (*See* Doc. 1.)

2.      The original deadline for filing objections to discharge, pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, was September 10, 2021.   (*See* Doc. 7.)   That deadline was subsequently extended to May 13, 2022.   (*See* Docs. 47, 54, 59.)

3.      As of today, Ms. Dawn Alexander has not been granted a discharge.

4.    In addition to Ms. Dawn Alexander's own Chapter 7 case, Ms. Dawn Alexander is the principal of, and caused to be filed, a Chapter 11 case for Algits Incorporated ("Algits"), case 21-13888-DER.

5.    Also currently pending is a related Chapter 7 case filed by Ms. Dawn Alexander's spouse, April Alexander-Giles ("Ms. Alexander-Giles"), case 21-16774-NVA.

6.    The Chapter 7 Trustee assigned to Ms. Alexander-Giles's case is Craig Leavers.  In connection with his duties in that case, Mr. Leavers has been investigating various issues and, as part of his investigation, discovered and obtained bank statements of an entity known as NinjaBe Holdings, LLC.

7.    On the afternoon of May 13, 2022, at 3:43 p.m., Mr. Leavers sent an e-mail to the United States Trustee identifying various issues he discovered in his review of NinjaBe Holdings, LLC's bank statements.  This was the first time the United States Trustee learned of these issues.

8.    Although Mr. Leavers's investigation was in connection with the Alexander-Giles case, some of what he discovered also raises questions about whether Ms. Dawn Alexander is entitled to a discharge in her case.   Specifically, Mr. Leavers discovered:

      (a)    Ms. Dawn Alexander is a signatory on the NinjaBe Holdings, LLC account, despite no such account having been disclosed on Ms. Dawn Alexander's schedules;

      (b)    The NinjaBe Holdings, LLC account was opened with a $498,762.39 cashier's check issued to Algits; although at this time it is not clear

why Algits transferred this money to NinjaBe Holdings, LLC, that transfer was never disclosed during the course of the Algits case[1];

(c)    The NinjaBe Holdings, LLC account statements reflected rental income for a property owned by both Ms. Dawn Alexander and Ms. Alexander-Giles both prior to Ms. Dawn Alexander's filing and after her filing, despite no rental income having been disclosed on Ms. Dawn Alexander's schedules.

9.    Subsequent to the receipt of Mr. Leavers' e-mail, the United States Trustee became aware of an adversary proceeding initiated against Ms. Dawn Alexander by Snowden Investors, LLC on May 12, 2022.[2]

10.    Snowden Investors, LLC's adversary proceeding contains additional allegations, previously unknown to the United States Trustee, that further indicate Ms. Dawn Alexander may not be entitled to a discharge.

11.    Upon receipt of the above-described information, the United States Trustee undertook a preliminary investigation to determine whether Ms. Dawn Alexander may be entitled to a discharge.   Based on that preliminary investigation, which at this time is far from complete, the United States Trustee believes that Ms. Dawn Alexander might not be entitled to a discharge and, therefore, that an extension of the deadline to object to Ms. Dawn Alexander's discharge is warranted.

12.    Rule 4004(b)(2) of the Federal Rules of Bankruptcy Procedure provides:

A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is

---

[1] Because the transfer occurred more than two years prior to Algits case, the transfer was not required to be disclosed on Algits's statement of financial affairs.  Whether it should have been disclosed in connection with some other inquiry is unknown at this time, as the circumstances of the transfer are not yet known.

[2] The United States Trustee first saw Snowden Investors LLC's complaint on May 24, 2022.

granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

13.    The United States Trustee did not have knowledge of the facts supporting an objection to discharge (should such an objection be warranted) in time to permit an objection. The United States Trustee first learned of any facts supporting an objection at 3:43 pm on May 13, 2022, the date the objection period expired. Additionally, the United States Trustee did not learn the additional facts set forth in Snowden Investors LLC's adversary proceeding until even later than that.

14.    This motion is being filed promptly after the United States Trustee received that information and undertook a initial investigation to determine whether further investigation was warranted.

15.    The United States Trustee needs time to investigate whether Ms. Dawn Alexander is entitled to a discharge in this case.

16.    Accordingly, good cause exists for the Court to extend the deadline for the United States Trustee to file a complaint objecting to discharge for a period of approximately ninety (60) days to July 25, 2022.

17.    Ms. Dawn Alexander will not be prejudiced by this extension because Snowden Investors, LLC's objection to Ms. Dawn Alexander's discharge is already pending.

## **Local Rule 9013 Statements**

18.     Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion.

19.     Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to the entry of final judgments or orders in this matter by a bankruptcy judge.

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(a)     Granting this Motion;

(b)     Extending the deadline to file an objection to discharge for a period of approximately 60 days through and including July 25, 2022; and

(d)     Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,


John P. Fitzgerald, III
Acting United States Trustee, Region 4

By:   */s/ Hugh M. Bernstein*
   Hugh M. Bernstein (Fed. Bar No. 23489)
   United States Department of Justice
   101 West Lombard Street, Suite 2625
   Baltimore, Maryland 21201
   (410) 962-4300

   Email: hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on May 26, 2022, a copy of the foregoing Motion was filed electronically in the United States Bankruptcy Court for the District of Maryland and according to the Court's CM/ECF system the following persons were served as a result:

- Monique Desiree Almy    malmy@crowell.com,
  cbest@crowell.com;malmy@ecf.axosfs.com;monique-almy-7127@ecf.pacerpro.com
- Robert L. Kline    klinelawgroupllc@gmail.com
- Craig Palik    cpalik@mhlawyers.com,
  dmoorehead@mhlawyers.com;cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com
- Joseph Michael Selba    JSelba@tydingslaw.com, jselba@tydings.com
- Adam M. Spence    adam@spencefirm.com
- Christopher S. Young    cyoung@btlg.us,
  sphillips@btlg.us;hconnolly@btlg.us;edonohue@btlg.us;hyeung@btlg.us;klohmeyer@btlg.us

    **I HEREBY FURTHER CERTIFY** that on May 26, 2022, a copy of this Motion was mailed, first class, postage pre-paid, to:

**Dawn Criket Alexander**
5108 Brady Court
Columbia, MD 21043

                                  */s/ Hugh M. Bernstein*
                                    Hugh M. Bernstein